| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** <br> Caption in Compliance with D.N.J. LBR 9004-2(c) <br> **KARINA PIA LUCID, ESQ., LLC** <br> 3640 Valley Road, 2nd Floor <br> PO Box 230 <br> Liberty Corner, New Jersey 07938-230 <br> Phone: (908) 350-7505 <br> Fax: (908) 350-4505 <br> Email: Admin@KarinaLucidLaw.com or Klucid@KarinaLucidLaw.com <br> *Counsel for Debtor, Cedrick Goodman* | |
| In Re: <br><br> **CEDRICK GOODMAN** <br><br> Debtor. | Chapter 13 <br><br> Case No. 20-10683 MBK |
| **CEDRICK GOODMAN,** <br><br> Plaintiff, <br> **v.** <br><br> **MTAG AS CUSTODIAN FOR ALTERNA FUNDING I, LLC; and ALTERNA FUNDING I, LLC** <br><br> Defendant(s). | Honorable Michael B. Kaplan, U.S.B.J. <br><br> Adv. Proc. No. 20- <br><br> **COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS AND FOR INJUNCTIVE RELIEF** |

Cedrick Goodman, the debtor (the "Debtor" or "Plaintiff") in the above-referenced case under Title 13 of Chapter 11 of the Bankruptcy Code and Plaintiff in this Adversary Proceeding, does, by and through his attorneys, Karina Pia Lucid, Esq., LLC ("Lucid Law"), for this Complaint against MTAG as Custodian For Alterna Funding I, LLC ("MTAG") and Alterna Funding I, LLC ("Alterna") (each a "Defendant" and together, the "Defendant(s)"), alleges as follows:

1

## JURISDICTION AND VENUE

1. This adversary proceeding arises under Sections 547, 548, 550 and 551 of the Bankruptcy Code, 11 U.S.C. §1101 et. seq. (the "Bankruptcy Code") and Rule 7001(1), (2) and (7) of Federal Rules of Bankruptcy Procedure ("Rule 7001").

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157(b) and 1334(b).

3. This adversary proceeding is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A), (B) and (F).

4. The Plaintiff consents to the Bankruptcy Court's entry of a final adjudication of the merits of this complaint in accordance with Rule 7008 of the Federal Rules of Bankruptcy Procedure.

5. Venue of this adversary proceeding is proper in this District under 28 U.S.C. §1409(a).

## PARTIES AND FACTS COMMON TO ALL COUNTS

6. The Plaintiff is the Debtor in the above captioned Chapter 13 Bankruptcy Case.

7. On January 15, 2020 (the "Petition Date"), the Debtor filed the instant Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code, case number 20-10683 (the "Bankruptcy Case").

8. Prior to January 14, 2020, the Debtor owned certain real property located at 29 Joyce Kilmer Avenue, New Brunswick, New Jersey 08901-25078, and which is known as Lot 11in Block 144 on the municipal tax map of the City of New Brunswick, County of Middlesex, State of New Jersey (the "Property").

9. The Property is the Plaintiff's home and family residence, where the Plaintiff also lived with his mother prior to her death in or about October 2019. For several years, the Plaintiff was out of work because he was caring for his mother through her illness and ultimate death. The Property was the family home originally purchased by the Debtor's mother. During the Debtor's mother's time of illness, the family fell behind on paying their property taxes.

10. Upon information and belief, in December 2012, the City of New Brunswick Tax Collector caused to be sold a tax certificate to "MTAG-CUST-ATF 11 NJ-CAP ONE" whose address then known at that time was PO Box 54292, New Orleans, Louisiana 70154-4292.

11. Upon information and belief, on or about October 3, 2014, the tax certificate was assigned by MTAG Services as Custodian for ATCF II NJ, LLC to MTAG Cust Alterna Funding I, LLC, the named Defendant herein, whose address was then known as 150 South Pine Island Road, Suite 430, Plantation, Florida 33224.

12. Upon information and belief, through some series of assignments or transfers, MTAG became the holder of tax sale certificates 11-104 and 12-0083, which are a lien against the Plaintiff's Property (the "Tax Lien").

13. On January 10, 2018, the Plaintiff filed a petition for relief pursuant to chapter 13 of the Bankruptcy Code (the "First Case"). The Debtor had a confirmed Chapter 13 plan in the First Case, however, the Debtor's First Case was ultimately dismissed on or about November 13, 2019.

14. MTAG filed a proof of claim in the Debtor's First Case asserting a claim in the amount of $66,506.83 ("POC#5") and a second proof of claim in the amount of $7,051.36 ("POC#6"). The total amount of claims asserted by MTAG against the Debtor are $73,558.19.

15. Upon information and belief, there is only one other lien on the Property, which is a first mortgage held by New Millennium Bank ("New Millennium" or "NMB"). NMB filed a proof of claim in the First Case, asserting a secured claim in the amount of $41,752.66 ("POC#7").

16. The combined amounts of the claims of MTAG and NMB total $115,310.85.

17. During the First, Case, the Debtor was seeking to refinance the debt on the Property in order to pay off MTAG and New Millennium. The Debtor filed an application for refinancing with Obsidian Financial Services ("Obsidian"). Obsidian obtained an appraisal of the Property dated June 11, 2019, which states that the Property has a fair market value of $275,000.00 (the "Fair Market Value" or "FMV").

18. As such, the value of the Property exceeds the total amount of the liens by $159,689.15, which is more than double the value of the claims.

19. Upon information and belief, MTAG filed a complaint to foreclose on the tax sale certificate in the Superior Court of New Jersey, Chancery Division, Middlesex County, Docket No. F-30104-15 (the "Tax Lien Foreclosure Complaint" or the "Foreclosure").

20. Final Judgment was entered in the Foreclosure on or about December 31, 2019.

21. The deed was transferred to MTAG (the "Transfer") and recorded on January 14, 2020 (the "Transfer Date").

22.    At no time was the Property subject to any kind of auction or sheriff's sale.

23.    The instant Bankruptcy Case was filed on an emergent basis on January 15, 2010, one day after the Transfer Date.

## COUNT ONE

24.    The Plaintiff incorporates all of the allegations contained in paragraphs 1 through 23 of this complaint as if set forth fully herein.

25.    Within 90 days of the Petition Date, the Debtor's interest in the Property was transferred to the Defendant.

26.    The transfer was to or for the benefit of the Defendant.

27.    The transfer was for or on account of an debt owed to the Defendant by the Debtor prior to the transfer and was therefore on account of an antecedent debt.

28.    The transfer was made while the Debtor was insolvent.

29.    The transfer enabled the Defendant to receive more than it would have if (a) the case was a case under chapter 7 of the Bankruptcy Code; (b) the transfer had not been made; or (c) the Defendant received payment of such debt to the extent provided by the provisions of title 11, because the value of the Property exceeds the total amount of the liens against it, including the Defendant's claim.

30.    By reason of the foregoing, the Transfer is voidable as a preferential transfer pursuant to 11 U.S.C. § 547(b).

**WHEREFORE,** the Debtor demands judgment on Count One of this Complaint:

    a.    Avoiding and setting aside the Transfer pursuant to Section 547(b) of the Bankruptcy Code;

    b.    For recovery of the Property for the benefit of the Debtor's bankruptcy estate pursuant to 11 U.S.C. §§ 550 and 551 of the Bankruptcy Code;

    c.    Compelling the Defendant to take all necessary steps to restore title to the Debtor within 30 days of the entry of judgment in this adversary case;

    d.    For attorneys' fees and costs of suit; and

    e.    For such other and further relief as this Court deems is just and proper.

## COUNT TWO

31.    The Debtor incorporates all allegations of paragraphs 1 through 30 of this complaint as if fully set forth herein.

32.    The Debtor received less than reasonably equivalent value for the Transfer of the Property to the Defendant.

33.    The Debtor was insolvent at the time of the Transfer or became insolvent as a result of the Transfer.

34.    By reason of the foregoing the Transfer is avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

**WHEREFORE**, the Debtor demands judgment on Count Two of this Complaint:

    a. Setting aside the Transfer as fraudulent pursuant to 11 U.S.C. § 548(a)(1)(B);

    b. Recovering the Property on behalf of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 550 and 551;

    c. Compelling the Defendant to take all necessary steps to restore title to the Debtor within 30 days of the entry of judgment in this adversary case;

    d. For attorneys' fees and costs of suit; and

    e. For such other and further relief as is just and proper.

Respectfully submitted,

Dated:  March __, 2020            LUCID LAW, DEBT RELIEF ATTORNEYS
                                                       Karina Pia Lucid, Esq., LLC
                                                       3640 Valley Road, 2nd Floor
                                                       PO Box 230
                                                       Liberty Corner, NJ 07938-230


                                                       */s/   Karina Pia Lucid*
                                                         Karina Pia Lucid, Esq.