**LAW OFFICES**

**HONIG & GREENBERG, L.L.C.**

By: Adam D. Greenberg NJ Atty #030931994

1949 Berlin Road

Suite 200

Cherry Hill, N.J. 08003-3737

(856) 770-0990

Attorneys for Defendants, MTAG as Custodian for Alterna Funding I, L.L.C. and Alterna Funding I, L.L.C. and non-party ATCF REO HOLDINGS, L.L.C.

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEW JERSEY**

**VICINAGE OF TRENTON**

| | |
|---|---|
| IN RE:<br>    Cedrick Goodman<br>        Debtor,<br>Plaintiff,<br>Cedrick Goodman,<br><br>v.<br><br>Defendant(s),<br>MTAG as Custodian for Alterna Funding I, L.L.C. and Alterna Funding I, L.L.C., | CHAPTER THIRTEEN<br><br>Case Number 20-10683-mbk<br><br>Adv. No. 20-1162-mbk<br><br>Judge: Hon. Michael B. Kaplan, U.S.B.J. |

**BRIEF BY SPECIAL APPEARANCE IN OPPOSITION TO PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF AND IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT FOR LACK OF JURISDICTION.**

1

**PRELIMINARY STATEMENT**

This pleading is submitted by a Special Appearance, whereby cross-movants appear specifically for the purpose of denying jurisdiction over them. The filing of this pleading does not constitute an admission that the Court has acquired any jurisdiction over them at this time, though it would seem that a 'special appearance' is not truly necessary to do so.

> A defendant need no longer appear specially to attack the court's jurisdiction over him. He is no longer required at the door of the federal courthouse to intone that ancient abracadabra of the law, de bene esse, in order by its magic power to enable himself to remain outside even while he steps within. He may now enter openly in full confidence that he will not thereby be giving up any keys to the courthouse door which he possessed before he came in.
> [Orange Theatre Corp. v. Rayherstz Amusement Corp., 139 F.2d 871, 874 (1944)].

Deficient service deprives a court of jurisdiction over a defendant. Respectfully, this Court cannot award any relief against either MTAG, Alterna, or ATCF.

The motion must be denied and the complaint dismissed.

**STATEMENT OF FACTS**

The caption of the adversary proceeding shows two defendants – MTAG as Custodian for Alterna Funding I, L.L.C. ("MTAG") and Alterna Funding I, L.L.C. ("Alterna"). Looking at the ECF system, however, Alterna is not listed as a defendant in the case.

A summons was issued by the Clerk on March 12, 2020 against MTAG only. No summons was issued for Alterna since it was not a named defendant in the Court's system. Consequently, no service was ever made upon Alterna.

As to MTAG, the Plaintiff, acting pro se, filed a Declaration of Mailing on July 27, 2020, EOD8, seeming to allege service upon MTAG. However, that document is defective for multiple reasons. To begin with, it is manifestly clear that Mr. Goodman altered the document long after its creation. That falsification alone is cause for great concern[1].

Mr. Goodman plainly added handwritten language altering the document. He added the adversary docket number, the caption, crossed out what purports to be an attorney's electronic signature, and has the chutzpah to add another address on the mailing that

---

[1] Nevertheless, Mr. Goodman has the temerity to submit a certification attesting to the truth of the statements made in the falsified and altered document. "Falsus in uno, falsus in omnibus." State v. Fleckenstein, 60 N.J.Super. 399, 408 (App. Div. 1960).

wasn't there in the first place. The one address that appears to have been there at the outset is an attorney's office, not any defendant's address.

Mr. Goodman is also a tenured debtor, oftentimes pro se. His prior cases include 02-99048 (N.D.Ga.), 03-96020 (N.D. Ga.), 05-91393 (N.D. Ga.), 12-27963 (N.J.), 16-55463 (N.D. Ga.), 17-34881 (N.J.), 18-10561 (N.J.), and the present case. He also served as a petition preparer for his mother, Eunice Goodman in 15-70239 (N.D. Ga.) and for Clenton Martin, 17-11303 (N.J.). He cannot claim ignorance as he files false documents with a federal court.

Meanwhile, the document is neither a declaration, a certification, nor an affidavit as it contains no language indicating any oath of any nature. It also states that "a copy of the declaration of service is attached hereto..." but it isn't. As a result, there might be some document out there but this surely is not it.

In short, there is no proof of valid service upon either MTAG or Alterna despite the passage of six months' time.

Plaintiff now files a motion to enjoin eviction, this time changing the caption to add a non-party, ATCF REO Holdings, L.L.C. ("ATCF"), that has never been mentioned before. Because ATCF is not a party to this action, the "Motion to Restrain <u>Defendant</u>" is not a motion to restrain any defendant to this action.

Based on the above, the motion must be denied and the complaint dismissed.

## LEGAL ARGUMENT

**I.   THE CASE MUST BE DISMISSED BECAUSE SERVICE HAS NOT BEEN EFFECTUATED AND, IN ANY EVENT, THE WRONG PARTIES ARE NAMED AS DEFENDANTS.**

**A. The means of service of process in adversary proceedings.**

Service of process in bankruptcy generally follows Fed.R.Civ.P. 4, except where modified by the Federal Rules of Bankruptcy Procedure.

First the Clerk issues a summons. Fed.R.Bankr.P. 7004(a)(2). Thereafter, service may be made by first class mail addressed to an officer, managing agent, or otherwise. Fed.R.Bankr.P. 7004(b)(3). Service must be mailed within seven days of the issuance of the summons. Fed.R.Bankr.P. 7004(e).

In order for a court to exercise personal jurisdiction over a defendant, that defendant must have been properly served with a summons and a copy of the Complaint. Lampe v. Xouth, Inc., 952 F.2d 697, 700-01 (3d Cir. 1991). The Third Circuit has held that "the party asserting the validity of service bears the burden of proof on that issue." Grand Entertainment Group v. Star Media Sales, 988 F.2d 476, 488 (3d Cir. 1993).

There are also time limits for service of process. Under Fed.R.Civ.P. 4(m), the time limit is 120 days, after which time "the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Ibid. The court is only required to extend the time for service "if the plaintiff shows good cause for the failure." Ibid. No cause whatsoever has been demonstrated, let alone good cause.

If service is attempted, the Rule also provides for the means of service. Federal Rule of Bankruptcy Procedure 7004(b)(3) allows service to be made by first class mail:

> Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint **to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process** and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant. [Ibid., emphasis added].

Requiring service upon an officer or managing agent of a corporation "is intended to ensure that the summons and complaint expeditiously reaches the appropriate decision maker in the organization." Gowan v. HSBC Mortg. Corp. (USA) (In re Dreier LLP), 2011 WL 3047692, at *2 (Bankr. S.D.N.Y. July 22, 2011); accord

6

Green Tree Fin. Serv. Corp. v. Karbel (In re Karbel), 220 B.R. 108, 113 (B.A.P. 10th Cir. 1998). If service is not directed to the attention of an officer or agent as required by Rule 7004(b)(3), it is deficient. See Jacobo v. BAC Home Loans Servicing, LP, 477 B.R. 533, 541 (D.N.J. 2012) (finding debtors' service of deficient because it was not addressed to an officer of the creditor as required by Rule 7004(h)).

**B. MTAG has not been served in this case.**

The Clerk issued a summons on March 12, 2020, EOD2, to MTAG, but that summons has never been served on MTAG as required.

As previously mentioned, Mr. Goodman filed an altered document, EOD8, claiming that service was mailed to MTAG. Even ignoring Mr. Goodman's alteration, the document does not come close, however, to be a valid assertion of fact as it contains no language attesting to the validity of its contents. See e.g. 28 U.S.C. 1746(2), N.J.Ct.R. 1:4-4.

Moreover, the mailing to a post office box in Louisiana blatantly fails to comply with the requirements of Fed.R.Bankr.P. 7004. Consequently, MTAG has not been served with process.

**C. Alterna has not been served.**

As indicated above, a summons was issued for MTAG and not as to Alterna, especially since Alterna is not in the ECF system. This alone ends the necessary inquiry concerning whether service

7

has been made. But adding to the deficiency is the fact that even a courtesy copy of the complaint was never sent to Alterna. Even with the most charitable view of the altered or forged document filed by Mr. Goodman, nothing was mailed to Alterna, but to the state court foreclosure attorney. With nothing mailed to Alterna, the Court plainly need not consider the remaining requirements of 7004.

### D. ATCF is not a named party. It is unclear how the Plaintiff wishes to seek relief against it.

While Plaintiff seeks relief against ATCF, ATCF has never been named as a defendant in this action either in the caption nor the text of the pleadings. Consequently, the moniker of a "motion to restrain <u>defendant</u>" is entirely mistaken. No explanation is given for the motion seeking relief against an entity whose name does not even appear in any prior pleading to the Court.

In light of the fact that proper service is required before a court can obtain jurisdiction over a party to the case, little more needs to be said that a court has no jurisdiction over an entity that is not even a party in the first place.

## CONCLUSION

Nine months after the petition was filed and six months since the adversary complaint was filed, service has neither been attempted nor completed. Moreover, Alterna and ATCF are not even defendants in the case.

The case should be dismissed.

Plainly the Plaintiff's motion, addressed to non-parties, cannot be granted.

> Most respectfully submitted,
> HONIG & GREENBERG, L.L.C.
>
> 
>
> By: Adam D. Greenberg, Esq.

Dated: August 31, 2020