**LAW OFFICES**
**HONIG & GREENBERG, L.L.C.**
By: Adam D. Greenberg, Esq. NJ Atty #030931994
1949 Berlin Road
Suite 200
Cherry Hill, N.J. 08003-3737
(856) 770-0990
Attorneys for Defendants, MTAG as Custodian for Alterna Funding I, L.L.C. and Alterna Funding I, L.L.C. and ATCF REO HOLDINGS, L.L.C.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**VICINAGE OF TRENTON**

| IN RE:<br>    Cedrick Goodman,<br>                  Debtor, | CHAPTER THIRTEEN<br><br>Case Number 20-10683-mbk |
|---|---|
| Plaintiff,<br>Cedrick Goodman,<br><br>v.<br><br>Defendant(s),<br>MTAG as Custodian for Alterna Funding I, L.L.C. and Alterna Funding I, L.L.C., | Adv. No. 20-1162-mbk<br><br>Judge: Hon. Michael B. Kaplan, U.S.B.J. |

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS**
**COMPLAINT FOR FAILURE TO STATE A CLAIM**

**RELIEF SOUGHT**

Defendants bring this motion to dismiss the complaint for failure to state a claim on which relief may be granted. As will be set forth in more detail, a foreclosure lis pendens was recorded

1

years before the Final Judgment was entered, thereby taking the transfer out of the time limits of 11 U.S.C. 547 and 548.

## STATEMENT OF FACTS

Recognizing that a motion to dismiss on the pleadings accepts the allegations as true, Defendant lost title to the property in a tax foreclosure concluded on February 13, 2020.

There are, however, additional facts of which this Court may take judicial notice, specifically publicly recorded documents that form part of the public record. Fed.R.Evid. 201(b)(2). While as a general rule, a court many not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Third Circuit has held "a court may consider certain narrowly defined types of material without converting the motion to dismiss to one for summary judgment pursuant under Rule 56." In re Rockefeller Ctr. Props. Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999).

> [A] district court may examine an "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." The rationale for these exceptions is that "the primary problem raised by looking to documents outside the complaint — lack of notice to the plaintiff — is dissipated `[w]here plaintiff has actual notice ... and has relied upon these documents in framing the complaint. [Ibid., multiple citations omitted].

The additional document is the recorded lis pendens, recorded on September 17, 2015.

2

**LEGAL ARGUMENT**

**I. THE TRANSFER RELATES BACK TO 2015, WELL BEFORE THE NINETY DAY PERIOD OF 547 AND THE TWO-YEAR PERIOD OF 548.**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint for failure to state a claim upon which relief can be granted. The moving party "bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). When considering a 12(b)(6) motion, the Court must accept as true all allegations in the complaint, and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005); Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008); Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

"[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "The inquiry is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." In re Rockefeller Center Prop., Inc., 311 F.3d 198, 215 (3d Cir. 2002).

Defendants are not going to argue whether or not a tax foreclosure may or not be a preference or a fraudulent conveyance. For the purposes of this motion, Defendants concede the issue. In re Hackler, 938 F.3d 473 (3d. Cir. 2019), In re Berley, 492 B.R. 433 (Bankr.D.N.J. 2013), In Re Varquez, 502 B.R. 186 (Bankr.D.N.J. 2014), and In re GGI Properties, 568 B.R. 231 (Bankr.D.N.J. 2017), later decision at 588 B.R. 401 (Bankr.D.N.J. 2018). Instead, Defendants believe that the adversary proceeding is barred by the time limitations of the Bankruptcy Code.

In Polanco v. Camden, 622 B.R. 631 (Bankr. D.N.J. 2020), Judge Poslusny considered when a transfer was deemed effective. Reviewing state law concerning a lis pendens, N.J.S. 2A:15-7, His Honor found that the recording of the lis pendens more than 90 days before bankruptcy meant that the transfer related back to that filing. Under §547(e)[1], the transfer related back to the lis pendens, which protected the lienholder from a preference action. The foreclosure lis pendens here was recorded with the County Clerk five years ago, thus barring relief.

> Applying this principle to the facts before the Court, the transfers of the Properties were perfected on the date the lis pendens was filed, June 20, 2019, which is

---

[1] "For the purposes of this section, (A) a transfer of real property . . . is perfected when a bona fide purchaser of such property from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee." 11 U.S.C. §547(e)(1).

4

> outside of the Preference Period. Therefore, the Debtor cannot establish that the transfers occurred during the Preference Period, see 11 U.S.C. §547(b), and Camden is entitled to judgment as a matter of law. As such, the Court will deny the portion of the Motion related to the preference count and will grant Camden's Cross-Motion. The transfers relate back to the filing of the lis pendens, which was prior to the Preference Period, and therefore, the transfers cannot be avoided as preferences.
>
> [Id. at 638].

Polanco was quickly followed by In re Nealy, 623 B.R. 278 (Bankr. D.N.J. 2021), where this Court deemed the decision "persuasive" but left the question unanswered since the record was not complete. Id. at *8.

Judge Altenburg then discussed the issue in In re Stahlberger, 2021 Bankr. LEXIS 334 (Bankr.D.N.J. 2021) and extended the review to 11 U.S.C. §548(d)(1)[2] as well. In doing so, His Honor also determined that the transfer relates back to the lis pendens and was, therefore, outside of the preference and fraudulent transfer time limitations.

> Relation back makes the transfer here the same date as the filing of the lis pendens, to which section

---

[2] "For the purposes of this section, a transfer is made when such transfer is so perfected that a bona fide purchaser from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest in the property transferred that is superior to the interest in such property of the transferee, but if such transfer is not so perfected before the commencement of the case, such transfer is made immediately before the date of the filing of the petition."

5

547(e)(2)(A) applies. See In re Nealy, 2021 Bankr. LEXIS 41, 2021 WL 115639, at *3 (Bankr. D.N.J. 2021) (following Polanco); In re Polanco, 622 B.R. 631, 634 (Bankr. D.N.J. 2020) (holding that debtor could not prevail on preference claim because the transfer related back to the filing of the lis pendens); In re Sandman, 12-10339-TPA, 2013 Bankr. LEXIS 3100, 2013 WL 3991971, at *4 (Bankr. W.D. Pa. 2013) (holding that transfer took place when mortgagee filed the lis pendens; "The fact that the entry of judgment in the quiet title action and the recordation of the mortgage did not take place until later, during the preference period, is of no moment since, for purposes of a preference action, they merely represent formal confirmation of the existence of the transferred interest and are deemed to relate back to the date of the lis pendens."); In re Pitchford, 410 B.R. 416, 421-22 (Bankr. W.D. Pa. 2009) (holding that transfer occurred outside the preference period because ". . . such transfer would, pursuant to 11 U.S.C. §547(e)(1)(A), have been perfected by Smithfield as of August 15, 2007, when such lis pendens was obtained because, by virtue of such lis pendens, a bona fide purchaser could not thereafter have obtained an interest in the Debtor's Residence superior to Smithfield's constructive trust in the same.").
[Id. at *17-18].

Judge Altenburg concluded:

Thus, for purposes of a preference and fraudulent transfer, both perfection and therefore the transfer occurred on October 23, 2018. As a debtor can only avoid preferential transfers made within 90 days prior to the filing of the petition (or one year if to an insider) and constructively fraudulent ones made within two years prior to the filing of the petition, Ms. Stahlberger cannot avoid the transfer.

[Id. at *19].

Foreclosure is, of course, unfortunate, but it is also a remedy that has existed for centuries. Here, that foreclosure dragged on for nearly half a decade because of Mr. Goodman's various maneuverings. Nevertheless, the end result should not be disturbed, particularly given the facts here. See e.g. In re Martyak, 432 B.R. 25 (Bankr. N.D.N.Y. 2010)

> The court recognizes what may be perceived as a harsh result in this case, i.e., the forfeiture of property in satisfaction of unpaid taxes that amount to only three to six percent of the property's value. And yet, the court is mindful of the background circumstances presented by this case. The Debtor, well-educated and gainfully employed, chose to ignore his obligation to repay real property taxes, which is one of the basic obligations attendant to the right to own real property. This court sees many cases involving persons who default on a tax obligation due to dire financial circumstances; this is not one of those cases. It is evident that this bankruptcy filing was initiated solely to reverse the effect of forfeiture, the ultimate remedy afforded to the county by the state legislature to address tax delinquencies. Particularly at this time in our economy, counties that are cash-strapped will be unable to provide the essential services expected and demanded of them if deprived of the regular receipts from their tax base. As stated succinctly by the New York Court of Appeals:
>
> > While to an owner who has not abandoned his or her property, learning of its foreclosure is distressing - particularly when the tax due

7

> constitute[s] a miniscule percentage of the market value of the property - the owner's interest must be balanced against the State's interest in collecting delinquent taxes, taking into account the status and conduct of the owner... [Kennedy v. Mossafa, 100 N.Y.S. 2d 1, 10 (2003)].
>
> Here, Debtor was provided many opportunities to pay his delinquent taxes and keep the property. Despite the efforts and patience of the County and Treasurer, those amounts were not paid. The County then lawfully exercised its statutory right to foreclosure. There is no basis for this court to reverse that result.

[Martyak, 432 B.R. at 40-41].

## CONCLUSION

While foreclosure is an unfortunate end, there are limits to the relief that the Bankruptcy Code may provide. Here those limits are set by the time limitations of the Code. Having long passed those time limits, this case must be dismissed for failure to state a claim.

>                       Most respectfully submitted
>                       HONIG & GREENBERG, L.L.C.
>
>                       **/s/ Adam D. Greenberg**
>
>                       By: Adam D. Greenberg
>                       Attorneys for Defendants

Dated: February 23, 2021
Cherry Hill, New Jersey

8