UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
U.S. COURTHOUSE
402 E. STATE STREET
TRENTON, NEW JERSEY 08608

**Hon. Michael B. Kaplan**   609-858-9360
United States Bankruptcy Judge

September 2, 2021

Adam Greenberg, Esq.
*Counsel for Defendants*
Honig & Greenberg, LLC
1949 Berlin Road
Suite 200
Cherry Hill, NJ 08003

David Huber, Esq.
*Counsel for Plaintiff*
109 East Atlantic Avenue
Audobon, NJ 08106

     Re: Cedrick Goodman v. MTAG as Custodian
        for Alterna Funding I, LLC, et al.
        Adv. Pro. No.: 20-01162

        Cedrick Goodman
        Case No.: 20-10683

Dear Counsel,

   This matter is presently before the Court on a motion to dismiss ("Motion") (ECF No. 40) filed by Defendants, MTAG as Custodian for Alterna Funding I, LLC, Alterna Funding I, LLC, and ATCF REO Holdings ("Defendants"). The Motion seeks dismissal of an adversary proceeding ("Adversary Proceeding") filed on March 11, 2020 by the debtor, Cedrick Goodman ("Debtor"). By way of background, Debtor filed three previous bankruptcies between the years of 2012 and 2018, all of which were dismissed. Debtor filed the immediate chapter 13 bankruptcy on January 15, 2020 and confirmed a plan of reorganization on December 3, 2020.

Debtor commenced this Adversary Proceeding to avoid the transfer of real property located at 29 Joyce Kilmer Avenue, New Brunswick, New Jersey, 08901 ("Property"), as a result of final judgment of foreclosure on December 27, 2019, and to re-vest title of said Property with Debtor. In response, Defendants filed their motion to dismiss the Complaint, which the Court denied without prejudice on October 22, 2020. Defendants then filed the current Motion on February 23, 2021 seeking to dismiss the Complaint for failure to state a claim on which relief may be granted. The parties thereafter attempted, unsuccessfully, to settle the matter through mediation, with the Court's assistance. Defendants' argument is predicated on the fact that the *lis pendens* was recorded on September 17, 2015, years before the final judgment of foreclosure was entered in 2019, thereby precluding any remedies under §§ 547 and 548 of the Bankruptcy Code.

Debtor filed opposition to the Motion explaining that the transfer should be avoided because the foreclosure became effective the date of the judgment in 2019, rendering the transfer invalid as it was within the lookback periods under §§ 547 and 548. Debtor does not offer any supporting caselaw that rebuts the line of cases coming out of this District which point to the filing of the *lis pendens* as the pivotal date. Rather, Debtor argues that two cases recently decided in this Circuit should not be controlling because they were decided after Debtor's petition date. This Court does not agree.

### I.  Motion to Dismiss under Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for failure to state a claim upon which relief may be granted. *In re Student Fin. Corp.*, 335 B.R. 539, 545 (D. Del. 2005) (citing FED. R. CIV. P. 12(b)(6)). Recently, "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss" under FED. R. CIV. P. 12(b)(6). *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint is plausible on its face "when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *In re Magna Ent. Corp.*, 438 B.R. 380, 386 (Bankr. D. Del. 2010) (citing *Iqbal* at 1949 [quoting *Twombly*, 550 U.S. 544]). "Determining whether a complaint is facially plausible is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id*.

To evaluate a complaint in light of a motion to dismiss, the court must complete a two-part analysis to determine whether dismissal is proper. First, the court must "distinguish between factual allegations and legal conclusions in the complaint." *Culinary Serv. of Del. Valley, Inc. v. Borough of Yardley*, 385 Fed. App'x. 135, 140 (3d Cir. 2010) (citing *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233-234 (3d Cir. 2008); *Iqbal* at 1950-1953). Second, if the complaint sets forth well-pleaded factual allegations, the court may assume their veracity and draw inferences favorable to the non-moving party, but then must determine whether the factual allegations show an entitlement to relief. *Id*.

Here, Defendants argue that Debtor fails to state a plausible claim for relief because the requested relief—the avoidance of the transfer of the Property—is impossible due to the time limitations set forth by §§ 547(b)(4)(A) and 548(e)(1) of the Bankruptcy Code. The Court agrees with Defendants' argument and the legal precedent established in the Third Circuit.

II. **The Date of the *Lis Pendens* Sets the Transfer Date for Purposes of Analysis under §§ 547 and 548 of the Bankruptcy Code**

Several judges in this District have recently explored the issue before this Court: Should the *lis pendens* date be treated as the transfer date for purposes of utilizing §§ 547 and 548 of the Bankruptcy Code to avoid a transfer of the debtor's property? This Court joins the other courts in concluding that the answer is undeniably yes.

Pursuant to § 547, a plaintiff may avoid any transfer of a debtor's interest in property "on or within 90 days before the date of the filing of the petition." 11 U.S.C. § 547(b)(4)(A). There is a similar lookback period for fraudulent transfers under § 548: "The trustee may avoid any transfer . . . incurred by the debtor that was made or incurred on or within 2 years before the date of the filing of the petition." 11 U.S.C. § 548(a)(1)(B). However, how does a court determine the date of transfer when undertaking an analysis for preferences and fraudulent transfers?

This District, and even this Court, explored this particular issue concerning the transfer date in four published decisions over the last two years. In the first case, *In re Polanco*, 622 B.R. 631 (Bankr. D.N.J. 2020), Judge Poslusny reviewed state law concerning *lis pendens*, N.J. STAT. ANN. § 2A:15-7, and held that the filing date of a *lis pendens* is the transfer date, or the date of perfection, for purposes of analysis under § 547. He concluded that is the *lis pendens* was recorded more than 90 days before the petition date, the transfer could not be avoided pursuant to § 547(b)(4)(A). *Id*. at 638. This Court regarded *In re Polanco* as persuasive in its *In re Nealy* decision, but the record was unclear as to whether a *lis pendens* was filed. Therefore, the Court could not determine the transfer date or, ultimately, avoid the transfer as a preference under § 547. *In re Nealy*, 623 B.R. 278, 282 (Bankr. D.N.J. 2021).

Judge Altenburg extended this analysis to include actions brought under § 548 in *In re Stahlberger*, No. 20-2338, 2021 WL 509849 (Bankr. D.N.J. Feb. 10, 2021). He similarly found that the date of perfection, or the transfer date, relates back to the *lis pendens*, not just for preferences under § 547, but for fraudulent transfers under § 548 as well. This reasoning was then applied once again in a later case, *In re Azeglio*, No. 19-29009, 2021 WL 3141279 (Bankr. D.N.J. July 23, 2021), wherein Judge Poslusny ruled that the debtors could not avoid the transfer and recover title to the property because the transfer—the date of the *lis pendens*—occurred outside the lookback periods of §§ 547 and 548.

The Court views the analyses undertaken in these cases as persuasive. Although this Court could not answer the question as to whether the transfer could be avoided in *In re Nealy*, it may now do so with the facts in this case. Here, the Court must consider whether the Debtor has stated a claim for a preference under § 547 or a fraudulent transfer under § 548. The *lis pendens* was recorded on September 17, 2015, and for purposes of analysis under the Bankruptcy Code, this date is considered the date of perfection, or the transfer date. Debtor filed his bankruptcy on January 15, 2020. The transfer date is clearly outside the respective lookback periods of 90 days or two years before the petition filing date. As such, the transfer may not be avoided under § 547 or § 548 of the Bankruptcy Code.

**III.    Conclusion**

For the reasons set forth above, the Court grants Defendants' Motion to dismiss the Complaint. (ECF No. 40) Debtor has failed to state a plausible relief that may be granted under the Bankruptcy Code. The Court will enter an order granting Defendants' Motion and will accordingly terminate the adversary proceeding.

                                                  /s/ Michael B. Kaplan
                                             Honorable Michael B. Kaplan
                                             United States Bankruptcy Judge

Cc:    Filed on CM/ECF